# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**BRUCE HOWELL**,

       Plaintiff,

v.                                                                                          Civil Action No. 2:09-cv-129
                                                                                            Judge Bailey

**ALLSTATE INSURANCE COMPANY**,
**ALLSTATE INDEMNITY COMPANY**,
and **JOE FREME**,

       Defendants.

## ORDER GRANTING MOTION TO REMAND

Pending before this Court is plaintiff's Motion to Remand (Doc. 12). For the reasons stated below, the Motion will be granted.

This action was originally filed in the Circuit Court of Randolph County, West Virginia, on October 6, 2009 (Doc. 3-1). Allstate Insurance Company and Allstate Indemnity Company removed the case to this Court on November 6, 2009, asserting that there was complete diversity of citizenship between the plaintiff and the "properly joined" defendants, contending the defendant Joe Freme is fraudulently joined and should be disregarded for diversity purposes (Doc. 3).

"The burden of demonstrating jurisdiction resides with 'the party seeking removal.'" ***West Virginia Univ. Bd. of Governors v. Rodriguez***, 543 F.Supp.2d 526, 528 (N.D. W.Va. 2008) quoting ***Maryland Stadium Authority v. Ellerbe Becket Incorporated***, 407 F.3d 255, 260 (4th Cir. 2005), in turn citing ***Mulcahey v. Columbia Organic Chems.***

1

*Co.,* 29 F.3d 148, 151 (4th Cir.1994). Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. ***Rodriguez,*** supra, citing ***Shamrock Oil & Gas Corp. v. Sheets,*** 313 U.S. 100 (1941). Accordingly, defendants have the burden to establish the existence of federal jurisdiction by a preponderance of the evidence. ***Beaver Coal Co., Inc. v. Cabot Oil & Gas Corp.***, 2009 WL 413572 (S.D. W.Va. Feb. 18, 2009), citing ***Johnson v. Nutrex Research, Inc.***, 429 F.Supp.2d 723, 726 (D. Md. 2006).

If federal jurisdiction is doubtful, a remand to state court is required. ***Rodriguez,*** supra, citing ***Maryland Stadium,*** 407 at 260.

In this case, the defendants effected removal asserting the diversity jurisdiction of this Court. Congress has authorized the federal courts to exercise diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states." 28 U.S.C. § 1332(a)(1). A case is between citizens of different states when "there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." ***Lincoln Prop. Co. v. Roche,*** 546 U.S. 81, 84 (2005).

As noted by Judge Stamp in ***Herbalife Intern. v. St. Paul Fire & Marine Ins. Co.,*** 2006 WL 839515 (N.D. W.Va. March 30, 2006):

> "To show fraudulent joinder, the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" ***Hartley v. CSX Transp., Inc.,*** 187

F.3d 422, 424 (4th Cir. 1999) (quoting **Marshall v. Manville Sales Corp.**, 6 F.3d 229, 232 (4th Cir. 1993)). A claim of fraudulent joinder places a heavy burden on the defendant. See **Marshall**, 6 F.3d at 232. "[T]he defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor. A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." *Id.* at 232-233 (citations omitted). "Once the court identifies this *glimmer of hope* for the plaintiff, the jurisdictional inquiry ends." **Hartley**, 187 F.3d at 426 (emphasis added). Therefore, in order to successfully prove fraudulent joinder, a defendant must demonstrate by clear and convincing evidence that, after resolving all issues of fact and law in the plaintiff's favor, the plaintiff has not alleged *any possible* claim against the co-defendant. A non-diverse party named in the state court action may be disregarded for determining diversity of citizenship when the party's joinder is fraudulent. **Morris v. Princess Cruises, Inc.**, 236 F.3d 1061, 1067 (9th Cir. 2001); **Triggs v. John Crump Toyota, Inc.**, 154 F.3d 1284, 1287 (11th Cir. 1998).

2006 WL 839515 at *3.

In this case, the Allstate defendants contend that the plaintiff has failed to state a sufficient claim against defendant Freme. This Court cannot agree. Taking the allegations of the Amended Complaint (Doc. 6) as true, the property in question was subject to the provisions of the West Virginia Valued Policy Law, W.Va. Code § 33-17-9, which, in the

3

event of a total loss, requires the insurer to pay the full amount of the insurance on the property. If, as alleged, Mr. Freme attempted to settle the claim at an amount far below the full amount of insurance, then there is at least a "glimmer of hope" that the plaintiff could recover from Mr. Freme.

Since there is such a "glimmer of hope," then there is not a fraudulent joinder, and Joe Freme must be considered in determining diversity of citizenship. Since both plaintiff Howell and defendant Freme are citizens of West Virginia, there is not complete diversity of citizenship, and this case must be remanded to the Circuit Court of Randolph County.

Accordingly, the plaintiff's Motion to Remand **(Doc. 12)** is **GRANTED** and this case is **REMANDED** to the Circuit Court of Randolph County, West Virginia.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the Circuit Court of Randolph County, West Virginia.

**DATED:** January 11, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE